IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Claude Michael Barrs, ) | Case No.: 1:22-CV-03463-JD-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | **(Jury Trial Demanded)** |
| Berkeley County, Berkeley County ) | |
| Sheriff's Office, and Jeffery Dean Hanna, ) | |
| Individually, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Claude Michael Barrs brings this claim against Defendants Berkeley County, Berkeley County Sheriff's Office, and Jeffery Dean Hanna, Individually, based on the allegations set forth below.

**PARTIES**

1. Plaintiff Claude Michael Barrs (hereinafter "Plaintiff") is a citizen and resident of Berkeley County, South Carolina.

2. Upon information and belief, Defendant Berkeley County ("Berkeley County") is a duly authorized county created pursuant to the laws of the State of South Carolina. At all times relevant hereto, Berkeley County, its agents, servants and employees operated, maintained and controlled the Berkeley County Sheriff's Office, including all sheriff's deputies and employees thereof.

3. Upon information and belief, Berkeley County is responsible for the policies, practices and customs of the Berkeley County Sheriff's Office as well as hiring, training, supervising, and controlling and disciplining its deputies and other employees.

4.  Upon information and belief, Defendant Berkeley County Sheriff's Office ("BCSO") is a political subdivision of Berkeley County and is a county entity organized and created pursuant to the laws of the State of South Carolina. Along with Berkeley County, BCSO is responsible for the policies, practices and customs of the Berkeley County Sheriff's Office as well as the hiring, training, supervising, controlling and disciplining of its deputies and other employees, to include correctional officers at Hill-Finklea Detention Center.

5.  At all times relevant herein, Defendants Berkeley County and BCSO acted and carried on business by and through their agents, servants, and/or employees at Hill-Finklea Detention Center. Additionally, these agents, servants, and/or employees were operating within the scope of their officially assigned and/or compensated duties.

6.  Upon information and belief, Defendant Jeffery Dean Hanna ("Defendant Hanna") is a citizen and resident of Berkeley County, South Carolina.

7.  At all times relevant herein, Defendant Hanna was upon information and belief employed as a correctional officer PFC at Hill-Finklea Detention Center and was acting with authority on behalf of Defendants Berkeley County and BCSO.

8.  At all times relevant herein, Defendant Hanna was acting in an individual capacity and under the color of state law.

9.  At all times relevant to this Complaint, Plaintiff was incarcerated as a pretrial detainee and was under the supervision, protection, control, and custody of Defendants.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction arising under 28 U.S.C. § 1331 over the claims in this lawsuit and has personal jurisdiction over the parties.

11.Venue is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events, acts, and/or omissions giving rise to this claim occurred in this district.

## FACTS

12.On or about October 6, 2019 Plaintiff was incarcerated and under the supervision, protection, control, and custody of Defendants in the Hill-Finklea Detention Center as a pretrial detainee.

13.On or about October 6, 2019 Plaintiff was in the housing unit where the evening meal was being served to inmates when Defendant Hanna assaulted Plaintiff without provocation.

14.Defendant Hanna charged across the unit and violently shoved Plaintiff into a wall and against a metal desk, then flung Plaintiff into a metal-frame bunk bed.

15.At all times relevant hereto, Plaintiff in no way posed any threat of harm to Defendant Hanna before, during, or after the assault.

16.Defendant Hanna's use of force against Plaintiff was excessive and entirely unwarranted.

17.Defendant Hanna did not have any reasonable basis for his use of such force against Plaintiff.

18.As a direct result of Defendant Hanna's assault on him, Plaintiff sustained a laceration beneath his left eye; facial bruising; a laceration on the back of his right leg caused by the sharp edge of the metal desk; bruising and swelling to his right knee and leg; and injuries to his neck, arm, and hand, causing permanent nerve damage and pain.

19.Upon information and belief, an internal investigation was conducted following Defendant Hanna's assault of Plaintiff.

20. Upon information and belief, following the internal investigation Defendant Hanna was terminated from his position as a Berkeley County employee on October 14, 2019 as a result of his assault on Plaintiff.

21. Upon information and belief, Defendant Hanna had a number of previous infractions and disciplinary actions taken against him over the course of several years as an employee of Berkeley County and BCSO for poor performance, to include written reprimands and suspensions without pay.

22. Upon information and belief, Defendant Hanna had been involved in numerous verbal and physical altercations with at least four fellow correctional officers prior to his assault on Plaintiff, one of which resulted in his unpaid suspension.

23. Upon information and belief, Defendant Hanna had committed physical assaults on other inmates prior to his assault on Plaintiff.

24. Despite their awareness of Defendant Hanna's repeated disciplinary actions and history of violent encounters with inmates and staff, Defendants Berkeley County and BCSO continued to employ Defendant Hanna and place him in a position to further jeopardize the safety and rights of the inmates as well as other correctional officers.

25. Following the assault on October 6, 2019, Plaintiff sought care from medical personnel in the detention center and was given an NSAID to treat his pain and two band-aids for his wounds.

26. As Plaintiff's pain worsened in the days following the assault, he repeatedly requested to corrections personnel to be sent to a hospital for additional treatment as his injuries necessitated more advanced medical care than the detention center was equipped to provide.

27. Plaintiff's neck pain continued to worsen over the week following the assault and he suffered severe headaches and numbness and burning pain radiating from his neck down his arm through his fingers.

28. Despite Plaintiff's increasingly concerning symptoms and repeated requests for medical care over the week following the assault, corrections personnel refused to allow him to be transported to an outside medical facility.

29. On or about October 12, 2019 Plaintiff was finally transported to the Trident Medical Center Emergency Department for evaluation and treatment.

30. On November 15, 2019 Plaintiff was referred to a neurosurgery specialist for additional evaluation and treatment. This specialist prescribed medications for Plaintiff as well as a course of physical therapy.

31. Over the course of approximately eighteen months following the assault, corrections personnel at Hill-Finklea Detention Center repeatedly refused to give Plaintiff the medication prescribed by his physicians, or provide an equivalent substitute medication, and would not allow him to be transported off-site to complete his prescribed course of physical therapy.

32. As a result of Defendant Hanna's assault against him, and Defendants Berkeley County and BCSO's consistent failure to provide Plaintiff adequate medical care, Plaintiff experienced and continues to experience ongoing physical pain and suffering, nerve damage, and mental and emotional distress.

**FIRST CAUSE OF ACTION AGAINST DEFENDANT JEFFERY DEAN HANNA,
IN HIS INDIVIDUAL CAPACITY
(Deprivation of Plaintiff's Fourteenth Amendment Rights
Actionable Under 42 U.S.C. § 1983)**

33. To the extent they are not inconsistent with this cause of action, Plaintiff incorporates the allegations of the paragraphs above into this cause of action.

34. At all times relevant hereto Defendant Hanna was acting individually as an employee of Berkeley County and BCSO and pursuant to his duties as a correctional officer.

35. Defendant Hanna at all times relevant to this Complaint acted under color of state law and exercised power possessed by virtue of state law.

36. Defendant Hanna's conduct as more fully set forth above deprived Plaintiff of his rights, privileges, or immunities secured by the Fourteenth Amendment to the Constitution of the United States.

37. Particularly, the conduct of Defendant Hanna deprived Plaintiff of his clearly established Due Process rights protected by the Fourteenth Amendment of the Constitution of the United States, guaranteeing citizens the right to be free from excessive force.

38. Defendant Hanna's unnecessary and unprovoked use of force against Plaintiff, causing Plaintiff significant harm, was an excessive use of force.

39. Defendant Hanna's actions were not objectively reasonable in light of the facts and circumstances.

40. As a direct and proximate result of Defendant Hanna's use of excessive force, Plaintiff has suffered and continues to suffer physical, emotional and mental harm as well as the violation of his constitutional rights and is entitled to nominal, actual, and punitive damages.

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS BERKELEY COUNTY AND BCSO
**(42 U.S.C. § 1983 — *Monell* Claim)**

41. To the extent they are not inconsistent with this cause of action, Plaintiff incorporates the allegations of the paragraphs above into this cause of action.

42. At all times relevant hereto Defendants Berkeley County and BCSO had in place official policies, customs, and/or persistent and widespread practices directly leading to the

violation of Plaintiff's constitutional rights. Particularly, regular occurrences of Defendant Hanna's misconduct, as well as the ongoing pattern and practice of failing to provide reasonable and necessary medical care to detainees at Hill-Finklea Detention Center, established a persistent and widespread practice of constitutional violations.

43. Defendants had actual and/or constructive knowledge that Defendant Hanna had engaged in repeated misconduct over a period of several years that posed a pervasive and unreasonable risk of constitutional injury to Plaintiff.

44. Defendants Berkeley County and BCSO were aware of this pattern or practice and in failing to correct it allowed a custom and de facto policy of constitutional violations to develop.

45. Defendants' failure to respond to repeat evidence of Defendant Hanna's misconduct exhibited a custom of deliberate indifference causing Plaintiff to be subjected to deprivation of his Fourteenth Amendment rights.

46. Defendants Berkeley County and BCSO engaged in an ongoing pattern and practice of failing to provide reasonable and necessary medical care to Plaintiff as exhibited by a custom and policies of deliberate indifference that allowed corrections personnel with actual knowledge of Plaintiff's serious medical needs to fail to respond reasonably, in the following particulars:

   a. in interfering with Plaintiff's prescribed treatment;

   b. in denying, delaying, and interrupting Plaintiff's access to treatment;

   c. in denying Plaintiff access to qualified medical personnel;

   d. in failing to stock prescribed medications;

   e. in failing to carry out medical orders;

   f. in failing to act on medical recommendations for specialized care; and

   g. in failing to remedy such conditions of which Defendants were aware.

47. Defendants had actual and/or constructive knowledge of these persistent patterns and deficient policies and acted with deliberate indifference in failing to correct these practices, causing the deprivation of Plaintiff's federal rights.

48. Defendants' official policies or customs of deficiencies in training and supervising correctional officers further resulted in constitutional violations to Plaintiff.

49. Defendants Berkeley County and BCSO had a duty to adequately train, supervise and discipline correctional officers in order to prevent unconstitutional actions by employees.

50. Defendants failed to adequately train, supervise and discipline their correctional officers for unconstitutional actions over time and were aware of wrongdoings by their officers, creating a custom or policy of failing to discipline, supervise, and adequately train.

51. Defendants were deliberately indifferent to such duties and thereby proximately caused injury to Plaintiff as complained of herein.

52. Defendants' failure to properly train correctional officers manifested deliberate indifference leading to pattern of unconstitutional conduct by inadequately trained and supervised employees, leading to the deprivation of Plaintiff's access to necessary medical care and the violation of Plaintiff's Fourteenth Amendment rights that was a predictable result of improper training and supervision of Defendant Hanna.

WHEREFORE, Plaintiff demands a jury trial and requests that judgment be entered against the Defendant on all causes of action and that Plaintiff be awarded: (1) actual damages to include past and future medical expenses; (2) other compensatory damages including for past and future physical and mental pain and suffering; (4) punitive damages for Defendant's willful and wanton conduct; (5) attorneys' fees and costs; and (6) such other and further relief as the Court and jury deem just and appropriate.

s/Sarah H. L. Norton  
Sarah H. L. Norton (Fed. ID No. 13828)  
222 West Coleman Blvd., Suite 120  
Mt. Pleasant, SC  29464  
Tel. 843-697-8447  
Fax 843-416-8379  
sarah@mwgaylaw.com  
ATTORNEY FOR PLAINTIFF  

Charleston, South Carolina  
October 6, 2022