IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Claude Michael Barrs, ) | Case No.: 1:22-cv-3463-JD-SVH |
|                 Plaintiff, ) | |
| vs. ) | **ORDER AND OPINION** |
| Berkeley County; Berkeley County Sheriff's ) Office; and Jeffery Dean Hanna, ) | |
|                 Defendants. ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) of the District of South Carolina.[1]  (DE 13.)  Plaintiff Claude Michael Barrs ("Plaintiff" or "Barrs"), brought this action pursuant to 42 U.S.C. § 1983, alleging defendants Berkeley County; Berkeley County Sheriff's Office (collectively "Moving Defendants"); and Jeffery Dean Hanna ("Hanna") violated his constitutional rights regarding alleged events that occurred while detained at Hill-Finklea Detention Center on or about October 6, 2019.  (DE 1.)

On January 24, 2023, the Moving Defendants filed a Motion to Dismiss.  (DE 7.)[2]  On January 25, 2023, a Report was issued recommending this action be dismissed against Hanna without prejudice for Plaintiff's failure to comply with Fed. R. Civ. P. 4 and for failure to prosecute

---

[1]  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

[2]  After Plaintiff filed no response to an order to show cause as to why she failed to timely effect service on defendant Hanna (DE 6), the Magistrate issued a separate report on January 25, 2023 (DE 10), recommending Hanna be dismissed.  No objections have been filed.

1

pursuant to Fed. R. Civ. P. 41(b).  (DE 10.)  Plaintiff failed to file a response to both the Report and the Moving Defendants' Motion to Dismiss.  On February 24, 2023, the Court emailed counsel for both Plaintiff and Moving Defendants, noting that no response had been filed and asking whether the case had settled or whether Plaintiff intended to file a motion for an extension of time within which to file a response. Defense counsel responded, copying Plaintiff's counsel and indicating no settlement had been reached. Plaintiff's counsel did not file a response or otherwise communicate with the Court.

A second Report was issued on April 6, 2023, recommending dismissal of this action for failure to prosecute.  (DE 13.)  Plaintiff has not filed an objection to the Report.  In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 13) and incorporates it herein.

It is, therefore, **ORDERED** that Plaintiff's case is dismissed for failure to prosecute.

**IT IS SO ORDERED**.

                                                                    *[signature: Joseph Dawson III]*
                                                                    _____
                                                                    Joseph Dawson, III
                                                                    United States District Judge

Florence, South Carolina
April 28, 2023

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.